UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GERMAN AUTOMOTIVE MANUFACTURERS
ANTITRUST LITIGATION                                                                 MDL No. 2796

# TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in a Northern District of California action (*Burton*) move under 28 U.S.C. § 1407 to centralize this litigation involving anticompetitive conduct in the market for German-made automobiles in the Northern District of California or, alternatively, the District of New Jersey. The litigation currently consists of four actions pending in two districts, as listed on Schedule A. Since the filing of the motion for centralization, the parties have notified the Panel of twenty additional actions[1] pending in seven districts.

All parties support centralization under Section 1407, but disagree on an appropriate choice of transferee district. Responding plaintiffs in six actions support centralization in the Northern District of California. Responding defendants[2] support centralization in the District of New Jersey, as do responding plaintiffs in six actions. In addition to the Northern District of California and the District of New Jersey, responding plaintiffs also suggest centralization in the Central District of California and the Eastern District of Michigan.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations of anticompetitive conduct in the market for German manufactured automobiles. Specifically, defendants are alleged to have participated in a cartel since the 1990s, in which they shared commercially-sensitive information and reached unlawful agreements concerning a variety of aspects of the automotive industry from technology, costs, markets, and suppliers, to mechanical components and emissions equipment. Plaintiffs allege that in the past five years alone, defendants have held

---

[*] Judge Charles R. Breyer took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] BMW of North America, LLC; Porsche Cars North America; Mercedes-Benz USA, LLC; Mercedes-Benz U.S. International, Inc.; and Mercedes-Benz Vans LLC; Robert Bosch, LLC; Volkswagen Group of America, Inc., Audi of America, Inc., and Audi of America, LLC.

-2-

over 1,000 meetings, which involved more than 200 employees and 60 working groups. Discovery concerning this alleged international cartel likely will be voluminous. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California, which is supported by moving plaintiffs and plaintiffs in six cases, is an appropriate transferee district for this litigation. As an initial matter, we note that this litigation may share some facts with MDL No. 2672 – *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, which focuses on a single aspect of the collusion alleged here: emissions equipment. Specifically, in the cases now before us defendants are alleged to have agreed to limit the size of tanks containing AdBlue,[3] an additive that neutralizes nitrogen oxide emissions in diesel exhaust. The tank size that defendants had allegedly agreed to adopt was insufficient to meet applicable emissions standards. According to some plaintiffs, the VW defendants' adherence to this illegal agreement necessitated the cheating at the heart of the VW "clean diesel" MDL via emissions cheating technology supplied by defendant Robert Bosch (which is a defendant in some cases in this litigation). This potential for factual overlap with MDL No. 2762, and Judge Charles R. Breyer's oversight of significant international discovery as to some of the same German defendants in MDL No. 2672, make centralization of these cases in the Northern District of California a logical choice. Judge Breyer's skill and expertise in the adjudication of other complex, multidistrict litigation dockets will without doubt redound to the benefit of the parties, counsel and witnesses. We are confident that Judge Breyer will steer this litigation on a prudent course.

---

[3] During the inception of the AdBlue system, defendants reportedly used differently sized AdBlue tanks in their respective diesel models. However, according to reports in German media, defendants met in Sindelfingen on April 5, 2006, and agreed to coordinate on and limit the size of the AdBlue tanks they would use. There, defendants' representatives determined that by coordinating their AdBlue tanks and restricting the size, they could save 80 Euros per car. In September 2008, Daimler, Audi, VW, and BMW are alleged to have agreed to limit the AdBlue tanks to eight liters, reasoning that it would be lightweight and cheaper.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell            Lewis A. Kaplan
R. David Proctor                Ellen Segal Huvelle
Catherine D. Perry

IN RE: GERMAN AUTOMOTIVE MANUFACTURERS
ANTITRUST LITIGATION MDL No. 2796

## SCHEDULE A

<u>Northern District of California</u>

BURTON, ET AL. v. BMW AG, ET AL., C.A. No. 3:17-4314
BRISCOE v. BAYERISCHE MOTOREN WERKE AG, ET AL., C.A. No. 3:17-4320

<u>District of New Jersey</u>

KAUFMAN v. BMW AG, ET AL., C.A. No. 2:17-5440
BARRERA v. BMW NORTH AMERICA, LLC, ET AL., C.A. No. 2:17-5550